■ JACK SOBEL, as the Sole Surviving General Partner of GREAT RIVER COUNTRY CLUB ASSOCIATES, Appellant, v JOHN BESS et al., Respondents.—Appeal by plaintiff from an order of the Supreme Court, Suffolk County, dated October 8, 1974, which, after a nonjury trial, *inter alia,* (1) declared that certain decretal paragraphs of an interlocutory decree dated February 9, 1966 are reconcilable, (2) declared that defendant John Bess is not required to furnish plaintiff with a list of beneficiaries of a certain trust and (3) directed the service and filing by Bess of a supplemental account. Order modified by deleting the first three decretal paragraphs thereof, and substituting therefor the following: "Ordered and decreed that the fifth and sixth decretal paragraphs of the interlocutory decree dated February 9, 1966, heretofore stated by this court to be irreconcilable, by order dated December 24, 1973, are irreconcilable; and it is further Ordered and decreed that paragraph five of said interlocutory decree is a nullity; John Bess may hold the shares of stock in question only as trustee for the benefit of the partnership, Great River Country Club Associates, until this action is concluded; and it is further Ordered and decreed that the common stock of Timber Point Country Club, Inc. shall be accounted for by John Bess and shall be included in the accounting ordered by the aforementioned interlocu-

tory judgment; and it is further Ordered that defendant John Bess, as Receiver and Trustee of Great River Country Club Associates, shall furnish plaintiff with a list of beneficiaries of the trust." As so modified, order affirmed, with costs. Defendant Bess shall serve and file the required accounting in accordance herewith within 30 days of the entry of the order to be made hereon; and plaintiff shall serve and file his objections thereto within 10 days thereafter. No explanation offered by the parties, or Special Term, satisfactorily explains the intent and application of the fifth and sixth decretal paragraphs of the 1966 interlocutory judgment within appropriate principles of law. The findings made by us at this time are in accord with the record on appeal and are intended to aid these parties in finally bringing this protracted litigation to an expeditious termination. Rabin, Acting P. J., Latham, Brennan and Shapiro, JJ., concur.